# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK L. PAVEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine Corporation; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 3:18-cv-01778-LAB-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [Dkt. 6]** |

Defendant Unum Life Insurance Company has filed a motion to dismiss, arguing that Plaintiff Frank Pavel's bad faith claim is time barred by a two-year statute of limitation. Pavel says that Unum wavered on his disability claim for years, never giving him a definitive rejection and thus never triggering the statute of limitations. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Unum's motion to dismiss.

According to his complaint, Dr. Frank Pavel is a doctor specializing in dental surgery. In 1988, he applied for disability insurance with Unum, a policy he has held ever since. The policy provides lifetime benefits if a covered disability is the result of an accident, and to age 65 if the disability is due to a sickness. In September 2014, Dr. Pavel began suffering from symptoms of paralysis. Dr. Pavel claims the paralysis was the result of a boating accident; Unum says it was the manifestation of a degenerative illness. One month later, in October 2014, Dr. Pavel submitted a disability claim to Unum,

who requested further information. After several months of back-and-forth, Unum sent Dr. Pavel a letter in March 2015, providing:

> We have determined that your disability is the result of a sickness, and not caused by an injury. Therefore, we will be providing benefits under the sickness provision of this policy. . . . Benefits for this disability can be paid for a maximum period of to [sic] age 65 provided you remain disabled under the terms of the policy. . . . For disabilities that begin before age 65 and are due to a sickness, benefits can be paid to age 65. . . . We have concluded that your disability is the result of a sickness, and not an injury. . . . The Maximum Benefit Period is to age 65 policy anniversary (November 2, 2019). Benefits can be paid to this date . . . ."

See Dkt. 6-2, Ex. B.[1] The result of this determination was that Dr. Pavel was to receive benefits until he turned 65, but not afterwards. The letter gave Pavel 180 days to submit new information and to request a reevaluation, which Dr. Pavel did. In September 2015 and again in October 2015, Unum notified Dr. Pavel that it was still evaluating the new information. In November 2015, Unum notified Dr. Pavel that it had again determined his condition was the result of sickness. Pavel then appealed the decision and, in January 2016, Unum notified him that the claim "had been submitted to its appeals department for further evaluation." Dkt. 1 ¶ 37. Over the next several months, Unum communicated directly with Dr. Pavel's counsel regarding obtaining medical records from his treating physicians. On June 22, 2016, Unum informed him that its decision on appeal was unchanged. But Dr. Pavel continued to pursue reconsideration of his claim. Between June 22, 2016 and December 2017, Unum continued to request additional information and Dr. Pavel continued to provide it. On January 4, 2018, Unum wrote to Pavel and indicated that its initial determination would stand and that it had determined his injury

---

[1] On a Motion to Dismiss, the Court may consider the insurance policy and other documents referenced in the complaint. This is true even though these documents are provided by the Defendant as part of its Motion to Dismiss. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996)

was the result of sickness, not injury. Dr. Pavel filed this suit for breach of contract, bad faith, and declaratory relief on August 1, 2018.

This resolution of this motion turns on whether Dr. Pavel's bad faith claim is barred by California's two-year statute of limitations. *See* Cal. Code Civ. Proc. § 339(1). Under California law, a claim for breach of the covenant of good faith and fair dealing accrues "upon the date of unconditional denial." *State Farm Fire & Cas. Co. v. Superior Court*, 210 Cal. App. 3d 604, 609 (Cal. Ct. App. 1989). It is well settled that "[a] statement of willingness to reconsider does not render a denial equivocal." *Migliore v. Mid-Century Ins. Co.*, 97 Cal. App. 4th 592, 605 (Cal. Ct. App. 2002); *see also Dudra v. Fairfield Ins. Co.*, 2008 WL 683387, at *4 (C.D. Cal. 2008) ("The statute of limitations for a bad faith claim is not tolled if the insured appeals the denial with the insurance company.").

Unum argues its denial of benefits occurred—and thus Dr. Pavel's claim accrued—in March 2015 when it sent Dr. Pavel the initial determination letter. In Unum's view, the subsequent communications, appeals, and possible reconsiderations do not serve to toll the statute of limitations. The Court agrees. At first blush, it seems overly punitive to bar Dr. Pavel's bad faith claim when Unum's internal appeal and reconsideration process dragged on for more than two years, but the Ninth Circuit has explained the rationale behind this rule:

> "[Reopening tolling upon a request to reconsider claim denial] would contravene a strong public policy to encourage an insurance company to reconsider its original denial when confronted with potentially new facts. If insurance companies were saddled with the situation that whenever [they] reconsidered an earlier decision it would inaugurate a new limitations period, companies would be reluctant to offer policy holders the luxury of a second evaluation." *Wagner v. Federal Emergency Mgmt. Agency*, 847 F.2d 515, 521 (9th Cir.1988).

Dr. Pavel's argument in response is that the initial determination letter was equivocal, and that references throughout the appeals process suggested to him the determination process was ongoing. *See, e.g.,* Complaint, Dkt. 1 ¶ 45 (In September 2017, Defendant "stated that it would complete a 'comprehensive' medical review of Dr.

Pavel's information in order to make a determination on his claim."). The Court is not unsympathetic to Dr. Pavel's situation, but concludes that the initial letter was an unequivocal denial on the part of Unum. *See* Dkt. 6-2, Ex. B ("We have determined that your disability is the result of a sickness, and not caused by an injury. Therefore, we will be providing benefits under the sickness provision of this policy."). As numerous other courts in California have found, Unum's decision to entertain appeals or additional information does not affect this conclusion. *See, e.g., Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1257 (C.D. Cal. 2003) ("Plaintiff argues that [Defendant's] letter 'equivocated the denial' because it invited him to submit further information. However, it is well-established in California that an invitation to provide further information does not render a denial equivocal.") (internal citations omitted); *Migliore*, 97 Cal. App. 4th at 605 ("A statement of willingness to reconsider does not render a denial unequivocal."). The Court also rejects Dr. Pavel's equitable estoppel and equitable tolling arguments. In this case, applying these doctrines would, in effect, nullify California's unequivocal denial rule and run afoul of the policy rationales laid out by the Ninth Circuit. For these reasons, the Court finds Dr. Pavel's second claim for breach of the covenant of good faith and fair dealing time-barred and therefore **GRANTS** Unum's motion to dismiss this claim.

The only remaining issue is what to do with Dr. Pavel's third claim for declaratory relief.[2] Unum argues that the claim is duplicative of Dr. Pavel's claim for breach of contract, because both seek to establish that he is entitled to lifetime benefits under the policy. *See, e.g., United Safeguard Distribs. Ass'n v. Safeguard Bus. Sys.,* 145 F. Supp. 3d 932, 960-61 (C.D. Cal. 2015) (dismissing declaratory judgment claim because it was "nothing more than a duplication of [the] breach of contract claim."). Dr. Pavel counters that there may come a time before his 65th birthday when Unum will argue there has been no injury because payment is not yet due under the Lifetime Accident Benefit Rider

---

[2] Dr. Pavel's first claim for breach of contract is not at issue in this motion to dismiss.

of the policy.  In that case, the claim for declaratory relief would be necessary to determine the respective rights of the parties as of Dr. Pavel's 65th birthday.  The Court agrees with Unum that there is some overlap, but in this case finds that the overlap is insufficient to warrant dismissing Dr. Pavel's declaratory relief claim.  The Court **DENIES** Unum's motion to dismiss as to Dr. Pavel's third claim for declaratory relief.

For the reasons above, the Court **GRANTS** Unum's motion to dismiss as to Dr. Pavel's second claim for breach of the covenant of good faith and fair dealing, and **DENIES** Unum's motion to dismiss as to Dr. Pavel's third claim for declaratory relief.

**IT IS SO ORDERED**.

Dated: December 10, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge